IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-09-1031 |
| v. | § | (C.A. No. C-13-379) |
| | § | |
| DAVID C. ESQUIVEL, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant David Esquivel's (Esquivel) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 23.[1]

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND

Esquivel was arrested in December 2009, after he was found to be in possession of two firearms and approximately 11.8 grams of cocaine base. D.E. 1. He was indicted later the same month for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and arraigned on both charges. D.E. 7, Minute Entry Dec. 29, 2009.

Esquivel pled guilty to count one of the indictment (the drug charge) pursuant to a plea agreement in February 2010. Minute Entry Feb. 16, 2010, D.E. 12. In exchange for his guilty plea to count one of the indictment and his waiver of his right to appeal or to file a motion to vacate, set

---

[1] Docket entry references (D.E.) are to the criminal case.

1

aside, or correct sentence, the Government agreed to recommend maximum credit for acceptance of responsibility and to recommend a sentence of imprisonment at the lowest end of the applicable guidelines. D.E. 12 at ¶¶ 1, 2, 7.

A Presentence Investigation Report (PSR) was prepared. D.E. 14. Esquivel's base offense level of 24 was based upon a drug quantity consisting of 5.03 grams of crack cocaine or cocaine base, 3.15 grams of cocaine, and 2.44 grams of marijuana, all converted to marijuana equivalents. D.E. 14 at ¶ 19. All of the drugs were found in his home before he was arrested. Two levels were added for possession of the firearms, and after credit for acceptance of responsibility, Esquivel's total offense level was 23. Id. at ¶¶ 13-20.

Esquivel had a number of previous convictions, including two Burglaries of a Habitation in 1995, Theft in 1995, Bail Jumping/Failure to Appear in 1996, and Possession of a Controlled Substance in 1998. A number of his offenses did not score due to their age. Id. at ¶¶ 30-35. His criminal history points totaled 9, resulting in a criminal history category of IV. Id. at ¶¶ 36-39. His Guideline sentencing range was 120 months. He was also subject to a mandatory minimum sentence of 10 years. Id. at ¶¶ 56-57.

Sentencing was held in August 2010. No objections were filed to the PSR. D.E. 16. Esquivel was sentenced to 120 months in the Bureau of Prisons, eight years supervised release, and a $100 special assessment. D.E. 18. Judgment was entered on the docket on June 2, 2010. Id. Esquivel did not appeal.

### III. MOVANT'S ALLEGATIONS

Esquivel claims that his counsel was ineffective before the plea and that he is factually innocent of the drug trafficking charge and is only guilty of simple possession. D.E. 23 at pp. 3-4.

## IV. ANALYSIS

A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

B.     **Statute of Limitations § 2255**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking

---

[2] The statute provides that the limitations period shall run from the latest of:

  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Esquivel did not appeal. His conviction became final on the last day to file a timely notice of appeal, 14 days after the judgment was entered on the docket. Fed. R. App. P. 4(b). His notice of appeal was due on or before June 16, 2010. Esquivel did not file his § 2255 motion until November 8, 2013, more than three years past the one year deadline.

Esquivel claims that his petition is timely because it was filed within one year after the Supreme Court decided McQuiggen v. Perkins, — U.S. —, 133 S.Ct. 1924 (2013). Esquivel claims he is actually innocent of drug trafficking and is merely guilty of simple drug possession. In McQuiggen, the Court held that "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." Id. at 1928. The case was considered on post-conviction review and was remanded to the Sixth Circuit for consideration in light of the Court's decision. Because the issue of timeliness is intertwined with the merits of Esquivel's case, the Court will review Esquivel's motion to determine whether he meets the requirements for a claim of actual innocence.

In McQuiggen, the Court cautioned that "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (citing Schlup v. Delo, 513 U.S. 298, 329 (1995) and House v. Bell, 547 U.S. 518, 538 (2006) (emphasizing that the Schlup standard is "demanding" and seldom met)). "Actual innocence" in this context refers to factual innocence, and not legal insufficiency. Bousely v. United States, 523 U.S. 614, 623–624 (1998). "We stress once again that the Schlup standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so

strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggen, 133 S.Ct. at 1936.

Esquivel's current motion argues that his counsel did not explain the difference between trafficking and simple possession, and he did not understand that his plea of guilty to trafficking subjected him to a much harsher sentence. D.E. 23. He presents no outside evidence that supports his claim that he is actually innocent of the charges to which he pled guilty. Because Esquivel has not presented any new evidence, he does not meet the gateway requirement of proof to allow this Court to disregard the statute of limitations. Esquivel's motion is therefore untimely.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Esquivel has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have

been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Esquivel's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Esquivel cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Esquivel is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Esquivel's § 2255 motion (D.E. 23) is DENIED WITH PREJUDICE pursuant to Rule 4(b) of the 2255 Rules and he is DENIED a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 4th day of December, 2013.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE